# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ELAINE BONIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>ALPHA RECOVERY CORP. and JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>        Defendants. | Case No.: 17-cv-885<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Elaine Bonin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer credit transaction.

6. Defendant Alpha Recovery Corp. ("Alpha") is a debt collection agency with its principal offices located at 5660 Greenwood Plaza Blvd, Greenwood Village, CO 80111.

7. Alpha is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Alpha is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Alpha is a debt collector as defined in 15 U.S.C. § 1692a.

9. Jefferson Capital Systems, LLC ("Jefferson") is a debt collection agency with its principal offices located at 16 McLeland Road, St. Cloud, MN 56303.

10. Jefferson is engaged in the business of a collection agency under Wisconsin law, in that it purchases and receives assignment of consumer debts that are in default at the time Jefferson acquires them. Jefferson also collects debts owed to others. Unlike the FDCPA, the WCA's debt collection chapter applies to all persons collecting consumer debts, including those collecting debts owed to themselves.

11. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

12. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

13. Jefferson is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of Plaintiff's former "Boston Store" branded consumer credit card account, originally owed to Comenity Capital Bank ("Comenity"). Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

14. Jefferson uses third party debt collectors, including Alpha, to collect allegedly defaulted debts that have been assigned to Jefferson.

15. A company meeting the definition of a "debt collector" (here, Jefferson) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

## FACTS

16. Prior to September 13, 2016, Plaintiff's Boston Store credit card account with Comenity (the "Boston Store Account") went into default.

17. Prior to September 13, 2016, and after the Boston Store Account was in default, Comenity sold or otherwise assigned the ownership rights to Plaintiff's Boston Store Account to Jefferson.

18. On or about September 13, 2016, Alpha mailed a debt collection letter to Plaintiff regarding the Boston Store Account. A copy of this letter is attached to this Complaint as <u>Exhibit A</u>.

19. The alleged debt referenced in <u>Exhibit A</u> was a personal credit card debt used only to purchase personal, family or household goods.

3

Case 2:17-cv-00885-DEJ    Filed 06/26/17    Page 3 of 13    Document 1

20. The credit card debt in Exhibit A was not opened for a business purpose or used for a business purpose.

21. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

22. Upon information and belief, Exhibit A is a form debt collection letter used by Alpha to attempt to collect alleged debts.

23. Exhibit A was the first letter Plaintiff was sent by Alpha regarding this alleged debt.

24. Exhibit A contains the following text:

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

General Notice: Failure to dispute the validity of this debt may not be construed as an admission of liability by the consumer.

Exhibit A.

25. The statement that Alpha is "required under state law" to provide the "General Notice" is false and misleading. Neither the FDCPA nor state law requires a debt collector to provide that specific language to consumers.

26. The "General Notice" language is similar to language in another part of the FDCPA, 15 U.S.C. § 1692g(c), but it has been modified to remove the qualifier that failure to dispute a debt within 30 days cannot be treated as an admission of liability *by a court* in a lawsuit.

27. 15 U.S.C. § 1692g(c) states:

**(c)ADMISSION OF LIABILITY**
The failure of a consumer to dispute the validity of a debt under this section may not be construed *by any court* as an admission of liability by the consumer.

(emphasis added).

4

Case 2:17-cv-00885-DEJ   Filed 06/26/17   Page 4 of 13   Document 1

28. The use of the "General Notice" text in Alpha's letter overshadows part of the FDCPA debt validation notice, 15 U.S.C. §§ 1692g(a)(3), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(emphasis added).

29. The Seventh Circuit has said: "When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. Otherwise, as we have said, 'the collection agency could write the letter in Hittite and have a secure defense.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *citing Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004).

30. Thus, the validation notice must clearly and unambiguously inform the unsophisticated consumer that, unless the consumer disputes the debt within the 30 day validation period, the debt collector *is* permitted to assume the debt is valid. 15 U.S.C. § 1692g(a)(3).

31. The "General Notice" language tells the consumer the exact opposite: "Failure to dispute the validity of this debt *may not* be construed as an admission of liability by the consumer." (emphasis added). The statement, including the removal of the crucial limitation - "by any court" - is false and misleading.

5

32. In fact, the debt collector *can* assume a debt to be valid of the consumer does not dispute it, and there are real-world consequences for the consumer. After the validation period expires without a dispute, the debt collector can, for example, report the debt to Consumer Reporting Agencies ("CRAs," more commonly known as "credit bureaus") without noting a dispute.

33. The practical effect of the usage and placement of the "General Notice" is to discourage consumers from disputing debts, because the language leads them to falsely believe that disputing a debt is of little significance.

34. Alpha did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

35. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

36. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos*, 825 F.3d at 324 ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

37. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendants' omission is a material violation of the FDCPA. A debt collector is permitted to

assume the debt is valid if the consumer does not dispute the debt within the 30 day validation period. Furthermore, a consumer who does not dispute the debt also does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

38. Alpha's statement conflicts with the validation notice. 16 U.S.C. § 1692g.

39. Plaintiff was confused by Exhibit A.

40. The unsophisticated consumer would be confused by Exhibit A.

41. Plaintiff had to spend time and money investigating Exhibit A.

42. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

43. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection

7

1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

44. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

8

Case 2:17-cv-00885-DEJ     Filed 06/26/17     Page 8 of 13     Document 1

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

45. The Wisconsin Consumer Act was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

46. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

47. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

48. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

49. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

50. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides

9

injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

51. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. While the Seventh Circuit has not squarely interpreted how WCA cases based upon the content of debt collection letters should be determined, federal courts in this District and the state courts in Wisconsin generally look to FDCPA case law for guidance. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

52. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

53. Moreover, the Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

54. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

56. Chapter 427, Wis. Stats., governs debt collection activities in Wisconsin.

57. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

58. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

59. Wis. Stat. § 427.104(1)(k) states that a debt collector may not: "Use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney-at-law when it is not."

60. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

61. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. Count I is brought against defendant Alpha.

63. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. Exhibit A fails to inform the consumer that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3).

65. Alpha violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b), 1692e and 1692e(10).

## COUNT II -- WCA

66. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

67. Count II is brought against both defendants.

68. Exhibit A fails to inform the consumer that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3).

69. Defendants violated Wis. Stat. §§ 427.104(1)(h), 427.104(1)(j), 427.104(1)(k) and 427.104(1)(L).

## CLASS ALLEGATIONS

70. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between June 26, 2016 and June 26, 2017, inclusive, (e) that was not returned by the postal service.

71. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

72. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

73. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

74. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

75. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

76. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 26, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com